UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CODY BURNSIDE | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 5:17-cv-00299 |
| SM ENERGY COMPANY and | § | |
| HELMERICH & PAYNE, INC. | § | |

### NOTICE OF REMOVAL OF DEFENDANT SM ENERGY COMPANY

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

SM Energy Company ("SM") hereby removes this case pursuant to 28 U.S.C. §§1332(a)(1) and 1441(a) from the 365th Judicial District Court of Dimmit County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.  SM denies the allegations contained in Plaintiff's Original Petition and files this Notice without waiving any defenses.

### STATEMENT OF COMMENCEMENT OF ACTION

1.      Plaintiff filed this action on March 7, 2017, under Cause Number 17-03-13103-DCVAJA, in the 365th District Court of Dimmit County, Texas.  Plaintiff's Original Petition states that Cody Burnside seeks damages in excess of $1,000,000.

2.      SM was served with the summons and Plaintiff's Original Petition on March 15, 2017.

3.      Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely as it is filed within thirty days of SM's first receipt of the original state court pleadings.

4.      Plaintiff made a jury demand in the state court proceeding.

5.     Venue is proper in this Court for purposes of removal because it is in the district and division embracing the county in which Plaintiff's state court action is pending.  28 U.S.C. §1441(a).

## STATEMENT OF BASIS FOR JURISDICTION

6.     According to the Plaintiff's Original Petition, Plaintiff is a citizen of the State of Texas.

7.     SM is a Delaware corporation with its principal place of business located in Colorado.

8.     Defendant Helmerich & Payne, Inc. is a Delaware corporation with its principal place of business in Oklahoma.

9.     There is complete diversity of citizenship between Plaintiff and Defendants.

10.     The present suit is an action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1).  The suit is among parties who are citizens of different states and the amount in controversy exceeds $75,000.

## PLEADINGS AND NOTICE TO STATE COURT

11.     Pursuant to 23 U.S.C. §1446, copies of all executed process, pleadings and orders served on SM are attached hereto as Exhibit A.

12.     SM has served a copy of this Notice of Removal on counsel of record, and promptly after filing this Notice of Removal, SM shall file a copy of same with the district clerk of the 365th Judicial District Court of Dimmit County, Texas pursuant to 28 U.S.C. §1446(d).

## CONSENT OF CO-DEFENDANT

13.     Pursuant to 28 U.S.C. §1446(b)(2)(a), SM attaches as Exhibit B a Consent to Removal executed by Defendant Helmerich & Payne, Inc.

## REQUEST FOR BRIEFING AND ORAL HEARING

14.     In the event any question arises as to the propriety of the removal of this matter, SM requests the opportunity to present briefs, additional affidavits, and other evidence in support of its position that removal is proper, and appear for hearing of the issues.

## CONCLUSION

WHEREFORE, SM Energy Company hereby removes this matter from the 365th Judicial District Court of Dimmit County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, based on 28 U.S.C. §1332 and 1441(a), and prays for such relief to which it may be entitled.

Respectfully submitted,

**STRASBURGER & PRICE, LLP**
2301 Broadway
San Antonio, Texas  78215
Telephone:  (210) 250-6000
Telecopier:  (210) 250-6100

By:*/s/ Merritt Clements*
ANDREW L. KERR
State Bar No. 11339500
andy.kerr@strasburger.com
MERRITT CLEMENTS
State Bar No. 04369500
merritt.clements@strasburger.com

**ATTORNEYS FOR DEFENDANT
SM ENERGY COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on April 7, 2017, a true and correct copy of the foregoing *Notice of Removal of Defendant SM Energy Company* was forwarded to the following in compliance with the Federal Rules of Civil Procedure.

Darrel A. Apffel
Lauren F. Arisco
D. Blake Apffel
Apffel Legal, PLLC
1100 Gulf Freeway, Suite 100
League City, Texas 77573
***Attorneys for Plaintiff***

Darrell L. Barger
Hartline Dacus Barger Dryer LLP
One Shoreline Plaza
800 North Shoreline Blvd.
Suite 2000, North Tower
Corpus Christi, Texas 78401
dbarger@hdbdlaw.com
***Attorney for Defendant***
***Helmerich & Payne, Inc.***

*/s/ Merritt Clements*
Merritt Clements

EXHIBIT A

# THE STATE OF TEXAS

### CITATION BY PERSONAL SERVICE
CAUSE NO.: 17-03-13103-DCVAJA

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

TO: **SM ENERGY CO.** may be served with process by serving its registered agent **CORPORATION SERVICE COMPANY** at 211 E. 7th Street, Suite 620 Austin, TX 78701
*(CERTIFIED COPY OF PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE)*

Defendant, in the hereinafter styled and numbered cause: 17-03-13103-DCVAJA

YOU ARE HEREBY COMMANDED to appear before the honorable 365TH DISTRICT COURT of Dimmit County, Texas, by filing a written answer to the Petition of Plaintiff(s) at or before 10:00 o'clock a.m. on the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in Cause Number 17-03-13103-DCVAJA, styled

CODY BURNSIDE
VS.
SM ENERGY CO.
HELMERICH & PAYNE, INC

filed in said court on the 7th day of March, 2017.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said court at office, this the 8th day of March, 2017.

SEAL

MARICELA G. GONZALEZ, DISTRICT CLERK
Dimmit County, Texas
103 North 5th Street
Carrizo Springs, TX 78834

BY: _____
NIKKI MARROQUIN, DEPUTY

PLAINTIFF'S ATTORNEY OR PLAINTIFF:
DARRELL A. APFFEL
6710 SEWART RD., SUITE 300
GALVESTON, TEXAS 77551

Case No. 17-03-13103-DCVAJA

## Citation by Personal Service

### 365TH DISTRICT COURT of DIMMIT COUNTY, TEXAS

**Issued**
This 8th day of March, 2017
Maricela G Gonzalez, District Clerk
Dimmit County, Texas

NIKKI MARROQUIN, DEPUTY

**RETURN OF CITATION**

Came to hand on the _15th_ day of _March_ _2017_, at _____ o'clock _____.M.
Executed at _____, within the County of _____, at _____ o'clock _____.M.
on the _____ day of _____, 2 _____, by delivering to the within named _____ in
person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such
petition to such copy of citation and endorsed on such copy of citation the date of delivery.
Not executed, the diligence used to execute being _____
_____; for the following reason _____
_____, the Defendant may be found _____.

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.

**PROMPT PROCESS SERVICE**           _Gilbert L. Gomez_ Authorized Person

_____ County , Texas

By _____ Deputy

**VERIFICATION**

State of Texas
County of _____

Before me, on this day personally appeared _____, who being duly sworn
on his oath deposed and said that he is of sound mind, and in no manner interested in the within styled and numbered cause, and
competent to make the oath of the facts herein stated, and that he has read the foregoing Return of Citation and that every statement
contained therein is within his personal knowledge true and correct.

_____ Authorized Person

Subscribed and sworn to before me on _____, 2 _____, to certify which witness my hand and
official seal.

_____
Notary Public in and for

_____ County , Texas
My commission expires: _____

_____
Notary's signature



Prompt Process Service
P.O. Box 2338 Galveston, TX 77553



CERTIFIED MAIL

N HOUSTON

MAR 17

7015 0640 0007 4505 0189

1000

78701

U.S. POSTAGE
PAID
GALVESTON, TX
77550
MAR 15, 17
AMOUNT
$6.80
R2305H128478-04

SM Energy Co.
C/o Corporation Service Co.
211- E. 7th st. -STE 620
Austin, TX. 78701

78701$3218 C015

Filed 3/7/2017 4:00:08 PM
Maricela G. Gonzalez
District Clerk
Dimmit County, Texas
Reviewed By: Nikki Marroquin

NO.17-03-13103-DCVAJA

| CODY BURNSIDE | § | IN THE DISTRICT COURT |
| | § | |
| | § | 365TH JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| SM ENERGY CO. and | § | |
| HELMERICH & PAYNE, INC. | § | DIMMITT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CODY BURNSIDE, Plaintiff, complaining of SM ENERGY CO and HELMERICH & PAYNE, INC. hereinafter referred to as Defendant, and for cause of action would show the following:

### DISCOVERY CONTROL PLAN

This cause of action should be governed by Level 3 as prescribed by TEX. R. CIV. PRO § 190.4. Plaintiff affirmatively pleads that he seeks damages in excess of $1,000,000.

### PARTIES

Plaintiff CODY BURNSIDE is an individual residing in Rosharon, Brazoria County, Texas.

Defendant, SM Energy Co., is a Delaware Corporation doing business in the State of Texas and may be served with process by serving its Registered Agent for Service of Process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

Defendant, Helmerich & Payne, is a Delaware Corporation doing business in the State of Texas and may be served with process by serving its Registered Agent for Service of Process, CT Corporation System, 1999 Bryan Street, Ste 900, Dallas, TX 75201.

### JURISDICTION AND VENUE

1

A True Copy of the original, I Certify.
the ___ day of ___
MARICELA G. GONZALEZ
Clerk of the District Court,
Dimmit County, Texas
By _____ Deputy

The court has jurisdiction over the lawsuit because the amount in controversy exceeds the Court's minimum jurisdictional requirements.

Venue is proper in Dimmitt County pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(2) as the incident made the basis of this suit occurred Dimmitt County, Texas.

## FACTS

On or about March 10, 2015, Plaintiff, CODY BURNSIDE was a passenger in a vehicle traveling through the Brisco Ranch in South Texas on a road solely controlled by Defendants. Defendants heavily controlled and policed the first half of this road and installed regular checkpoints and enforced the speed limit with radar. However, the second half of the road – and the portion of the road Plaintiff was traveling – was not monitored and did not have a posted speed limit. Further, this second portion of the road was near the Texas-Mexico border and Defendants were aware of illegal immigrants regularly appearing on this road. In fact, Plaintiff and the operator of the vehicle in which Plaintiff was riding, had been instructed by Defendants not to stop for any vagrant or other person appearing on this road as it may cause a substantial risk of injury.

Suddenly, and unexpectedly, an unknown person appeared in the middle of the road in front of the vehicle Plaintiff was riding. As instructed by Defendant, the driver of the vehicle did not stop, but rather swerved in an attempt to miss hitting the individual. Pleading on information and belief, the poor conditions of the road caused the driver to lose control of his vehicle and flip causing substantial injury to Plaintiff for which he now sues.

## PREMISES CLAIM BY INVITEE

### A.    Defendant's Status

The roadway on which the accident occurred was solely controlled and operated by

2

Defendants SM ENERGY CO and HELMERICH & PAYNE, INC. Defendants were in possession of the roadway and responsible for its maintenance and the safety of those occupying it.

**B. Plaintiff's Status on Premises**

Plaintiff was an invitee on the premises at the time in question as Plaintiff was occupying the premises for the mutual benefit of himself and the Defendants. Plaintiff was present on the roadway controlled by Defendants through the express and/or implied invitation of the Defendants.

**C. Defendant's Duty to Plaintiff**

Pleading on information and belief, Defendants were actually aware of the dangerous condition of unauthorized persons entering the roadway as they previously warned Plaintiff and instructed him what to do in that situation. Further, Defendant should have known that the condition of the roadway that they maintained posed a serious risk of harm to persons travelling on the roadway. As Plaintiff was an invitee at the time of the injury, Defendants owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from dangerous conditions on the premises and to warn of their existence.

**D. Defendant's Breach of Duty to Plaintiff**

Defendants breached their Duty to Plaintiff in the following particulars:

    a.    In failing to control the speed of drivers occupying the road;

    b.    In failing to maintain the roadway;

    c.    In failure to provide adequate security of the roadway;

    d.    In failing to adequately warn Plaintiff of the dangerous condition.

Defendants' conduct and that of its agents, servants and/or employees, acting within the course

3

and scope of their employment, constituted a breach of the duty of ordinary care owed by Defendants to Plaintiff. Defendants knew or should have known of the condition on its premises. Further, the Defendants created the condition and it was foreseeable that such condition would cause harm.

Each of these acts or omissions, whether taken singularly or in combination, was the proximate cause of Plaintiff, Cody Burnside's injuries and damages as described below.

## NEGLIGENCE

The injuries and damages sustained by Plaintiff on the occasion in question were proximately cased ny the negligence of the Defendant.

In this connection, Plaintiff would show that the Defendant, was negligent in the following particulars:

      a.      In failing to control the speed of drivers occupying the road;

      b.      In failing to maintain the roadway;

      c.      In failure to provide adequate security of the roadway;

      d.      In failing to adequately warn Plaintiff of the dangerous condition.

Each of the foregoing acts and/or omissions, whether taken singularly or in any combination was a proximate cause of Plaintiff's injuries and damages, which are described herein.

## DAMAGES OF PLAINTIFF

As a direct and proximate result and cause of Defendants' breach of duty, Plaintiff, CODY BURNSIDE, sustained severe injuries, mental and physical pain and suffering, mental anguish, lost wages, loss of wage earning capacity, physical impairment, disfigurement, all of which are in reasonable probability permanent.

Further, as a direct and proximate result of the Defendants' breach of the duty of ordinary

4

care, it was necessary for Plaintiff, CODY BURNSIDE, to secure medical and hospital services, including drugs and other medications, and it is reasonably probable that CODY BURNSIDE may require medical, hospital, and drug services in the future beyond this date, all for which Plaintiff now sues.

Therefore, suit is brought by Plaintiff against the Defendants for a just and reasonable sum in excess of the minimum jurisdictional limits of the Court and over $1,000,000.

## JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, Defendant is requested to disclose, within 50 days of the service of this document, the information or material described in Rule 194.2(a) through 194.2(l), Texas Rules of Civil Procedure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, CODY BURNSIDE, prays that the Defendants be cited in terms of law to appear and answer herein, and that upon final hearing hereon, Plaintiff have judgment of and against said Defendant, for a just and reasonable sum in excess of the minimum jurisdictional limits of the Court; plus an additional sum in excess of the minimum jurisdictional limits of the Court for medical, hospital, and drug services; prejudgment interest at the highest rate allowed by law; post-judgment interest at the highest rate allowed by law; for costs of court, for exemplary and punitive damages, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

5

**APFFEL LEGAL, PLLC**

___/s/ Lauren F. Arisco_____
DARRELL A. APFFEL
State Bar No. 01276600
LAUREN F. ARISCO
State Bar No. 24071874
D. BLAKE APFFEL
State Bar No. 24081911
1100 Gulf Freeway, Suite 100
League City, Texas 77573
Telephone: (281) 992-2324
Facsimile: (281) 338-2205

ATTORNEYS FOR PLAINTIFF

6

**EXHIBIT B**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CODY BURNSIDE | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | _____ |
| SM ENERGY CO. and | § | |
| HELMERICH & PAYNE, INC. | § | |

## HELMERICH & PAYNE, INC.'S CONSENT TO REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant HELMERICH & PAYNE, INC. ("H&P") hereby provides this Consent to

Removal, respectfully showing this Court the following:

1.    Pursuant to 28 U.S.C. § 1332 and § 1446, Defendant SM ENERGY CO.

has filed a Notice of Removal for Cause No. 17-03-13103-DCVAJA from the 365th

District Court, Dimmitt County, Texas, to this Court.

2.    H&P consents to this removal and provides this written instrument

memorializing its consent in accordance with 28 U.S.C. § 1446(b)(2).

Respectfully submitted,

### HARTLINE DACUS BARGER DREYER LLP

*/s/ Darrell L. Barger*
Darrell L. Barger (*Attorney in charge*)
State Bar No. 01733800
Fed. ID No. 646
One Shoreline Plaza
800 North Shoreline Blvd.
Suite 2000, North Tower
Corpus Christi, Texas 78401
(361) 866-8000
(361) 866-8039 (fax)
dbarger@hdbdlaw.com
**ATTORNEY FOR HELMERICH & PAYNE, INC.**